UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAMONT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WACHOVIA BANK FSB, et al.,<br><br>    Defendants. | Case No.: C 10-2028 PVT<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA; CONTINUING HEARING ON MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE; AND CONTINUING CASE MANAGEMENT CONFERENCE** |

   According to the complaint, the parcels of real property at issue in this lawsuit are located in Antelope, California and Sacramento, California, and Plaintiff lives in Antelope.  Plaintiff alleged that he is "a similarly situated victim, of the Class action suit filed in San Jose, California UNITED STATES DISTRICT COURT, and NORTHERN DISTRICT OF CALIFORNIA -SAN JOSE DEVISION. Case # C07 -04497, Delores Mandrigues - Vs - World Savings, Inc, World Savings Bank, FSB, Wachovia Mortgage Corp and Does 1 through 10."  On the Civil Cover Sheet, Plaintiff indicated that the case is related to Case No. C07-04497.  However, on August 18, 2010, the court found that this case is not related to Case No. C07-04497.  (*See* Docket No. 6, herein.)  Therefore, based on the complaint and the file herein,

   IT IS HEREBY ORDERED that, no later than September 21, 2010, Plaintiff shall file a declaration showing cause, if any, why this case should not be transferred to the United States

District Court for the Eastern District of California. Pursuant to 28 U.S.C. section 1391, a case in which jurisdiction is not based solely on diversity of citizenship[1] may be filed only in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Based on the allegations in the complaint, it appears that the only proper venue for this case is the Eastern District of California because that is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." When a plaintiff files his case in the wrong district, the court must either dismiss the case or else transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). Thus, unless Plaintiff can show legal authority for venue in this district, the court will transfer the case to the Eastern District of California.

IT IS FURTHER ORDERED that the hearing on the motion to dismiss and the request for judicial notice filed by Defendant Regional Trustee Services Corporation are CONTINUED to 10:00 a.m. on November 16, 2010.

IT IS FURTHER ORDERED that the Case Management Conference in this case is CONTINUED to 10:00 a.m. on November 16, 2010. Case Management Conference Statements shall be filed no later than November 9, 2010.

Dated: *8/26/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] In his Complaint, Plaintiff states that he is filing under 15 U.S.C. 1601, et seq. Thus, jurisdiction is based on federal question.

ORDER, *page 2*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on      *9/2/10*       to:

Lamont Johnson
7937 Diamond Rock Drive
Antelope, CA 95843

           */s/   Donna Kirchner*
           DONNA KIRCHNER
           Judicial Law Clerk