UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAMONT JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>WACHOVIA BANK FSB, et al.,<br><br>            Defendants. | Case No.: C 10-2028 PVT<br><br>**ORDER** T<small>RANSFERRING</small> C<small>ASE TO THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT FOR THE</small> E<small>ASTERN</small> D<small>ISTRICT OF</small> C<small>ALIFORNIA</small> |

According to the complaint (and also the amended complaint Plaintiff filed), the parcels of real property at issue in this lawsuit are located in Antelope, California and Sacramento, California. The complaint and amended complaint also indicate that Plaintiff lives in the Eastern District of California (either Antelope or Sacramento).[1]  On September 2, 2010, this court entered an order to Plaintiff to show cause why this case should not be transferred to the United States District Court for the Eastern District of California.  Plaintiff failed to file any response to the order to show cause by the September 21, 2010 deadline.  Therefore, based on the complaint, the amended complaint and

---

[1] Plaintiff originally alleged that he is "a similarly situated victim, of the Class action suit filed in San Jose, California UNITED STATES DISTRICT COURT, and NORTHERN DISTRICT OF CALIFORNIA -SAN JOSE DEVISION. Case # C07 -04497, Delores Mandrigues - Vs - World Savings, Inc, World Savings Bank, FSB, Wachovia Mortgage Corp and Does 1 through 10." On the Civil Cover Sheet, Plaintiff indicated that the case is related to Case No. C07-04497. However, on August 18, 2010, the court found that this case is not related to Case No. C07-04497. (*See* Docket No. 6, herein.)

1 the file herein,

2     IT IS HEREBY ORDERED that this case be transferred to the United States District Court

3 for the Eastern District of California.  Pursuant to 28 U.S.C. section 1391, a case in which

4 jurisdiction is not based solely on diversity of citizenship[2] may be filed only in:

5-7 > "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

8 Based on the allegations in the complaint, it appears that the only proper venue for this case is the

9 Eastern District of California because that is where "a substantial part of the events or omissions

10 giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

11 situated."  Plaintiff has not alleged, much less shown, that all Defendants reside in this judicial

12 district.  When a plaintiff files his case in the wrong district, the court must either dismiss the case or

13 else transfer it to the District Court in the correct district.  *See* 28 U.S.C. § 1406(a).  Thus, transfer to

14 the Eastern District of California is warranted.

15 Dated: *10/19/10*

16                               PATRICIA V. TRUMBULL

17                               United States Magistrate Judge

---

[2]     Neither the complaint nor the amended complaint alleges diversity jurisdiction.

ORDER, *page 2*