IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT JOHNSON,

    Plaintiff,                             No. 2:10-cv-2839 GEB CKD PS

    vs.

WACHOVIA BANK FSB, et al.,          ORDER AND

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Defendant's motion to dismiss came on regularly for hearing on September 12, 2012. Plaintiff Lamont Johnson appeared in propria persona. Leigh Curran appeared telephonically for defendant.[1] Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims related to the origination of four loans secured by deeds of trust on four different properties. The four loans at issue were originated on March 31, 2005 ($290,000 loan secured by the Diamond Rock property), February 8, 2006 (equity line of credit "ELOC" for maximum principal sum of $140,000 secured by the York

---

[1] All of the named defendants have been dismissed except for defendant Wells Fargo Bank, N.A.

1

1  Town property), March 20, 2006 ($345,000 loan secured by Teal Bay Court property), and
2  September 25, 2006 ($191,550 loan secured by Club Center property).  The money for all four
3  loans was borrowed from World Savings Bank, which was a federal savings bank, organized and
4  operated under the Home Owner's Loan Act ("HOLA") and regulated by the Office of Thrift
5  Supervision ("OTS").  The bank was renamed Wachovia Mortgage on December 31, 2007 and
6  was converted into a national bank (operating under the regulatory authority of the Comptroller
7  of the Currency) with the name Wells Fargo Bank Southwest, N.A. on November 1, 2009.  That
8  bank subsequently merged into Wells Fargo Bank, N.A.  Plaintiff defaulted on the loans and all
9  four properties have been sold at trustee's sales.

10        This action was filed May 11, 2010.  The gravamen of plaintiff's complaint is that
11 he was induced to take out loans he could not afford to repay based on misrepresentations by the
12 lender's agent that the loans would not have negative amortization and that plaintiff would be
13 able to refinance the loans when the payments became too high.  Plaintiff alleges claims under
14 the Truth in Lending Act ("TILA"), and state law claims for violation of the California Unfair
15 Competition Law ("UCL"), Bus. & Prof. Code § 17200, breach of contract and the covenant of
16 good faith and fair dealing, and misrepresentation/fraud.  Defendant moves to dismiss.  In a
17 proposed second amended complaint plaintiff submitted with his opposition, plaintiff has
18 dropped his claims under the UCL and for breach of contract and misrepresentation/fraud.[2]

---

[2] In the proposed second amended complaint, plaintiff alleges, for the first time in this action, claims under RICO and the Fair Debt Collection Practices Act ("FDCPA").  The claims are not well pled.  In particular, plaintiff's proposed second amended complaint relies on plaintiff's misunderstanding regarding the perfecting of a lien.  Plaintiff asserts that the $140,000 equity line of credit was not properly secured by the York Town property because the note did not reference the particular unit owned by plaintiff.  Plaintiff premises his RICO and FDCPA claims on the assumption that any attempts to collect the debt were therefore unlawful because the bank did not have a secured interest in the property.  The deed of trust, however, referenced an exhibit attached thereto which contained a full property description, including the unit number.  Def. Req. Jud. Not. Exh. 4 (dkt. no. 55 at p. 55), Pl. Exh. M (dkt. no. 59-1 at p. 40).

There was no violation of RICO or the FDCPA on the part of the defendant in foreclosing under the deed of trust.  To state a cause of action under civil RICO, 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property.  Living Designs, Inc. v. E.I. Dupont

1    In considering a motion to dismiss for failure to state a claim upon which relief
2 can be granted, the court must accept as true the allegations of the complaint in question,
3 Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most
4 favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
5    In order to avoid dismissal for failure to state a claim a complaint must contain
6 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
7 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
8 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
10 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
11 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
12 \\\\\

---

de Numbers & Co., 431 F.3d 353, 361 (9th Cir. 2005). Plaintiff does not sufficiently allege the existence of a RICO enterprise and has not identified wrongful predicate acts allegedly committed by defendant. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Plaintiff's attempt to cast this action as a RICO case is deficient in that the predicate acts of racketeering activity simply do not exist. The activity underlying plaintiff's claims was a simple loan transaction and foreclosure under a deed of trust. This is not the kind of unlawful activity contemplated by the Civil RICO Act. See 18 U.S.C. § 1961. With respect to plaintiff's claim under the FDCPA, defendant is not a debt collector within the meaning of that statute in the circumstances alleged here. See Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008); see also Mansour v. Cal-Western Reconveyance Corp, 618 F.Supp. 1d 1178, 1182 (D. Ariz. 2009) (mortgagee and beneficiaries, including mortgage servicing companies, not debt collectors subject to FDCPA; non-judicial foreclosure proceeding is not attempt to collect a "debt" for FDCPA purposes).

    Plaintiff also alleges an additional claim for quiet title in the proposed second amended complaint but that claim cannot lie in the absence of tender. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness"); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)); Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.").

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents. Dkt. no. 54. That request will be granted.[3]

Defendant moves to dismiss the TILA cause of action as barred by the statute of limitations. The latest date on which a loan transaction at issue in this action was originated is September 25, 2006. This action was filed May 11, 2010. Any claim for damages under TILA is barred by the one year statute of limitation provided by 15 U.S.C. § 1640(e). Any claim for rescission under TILA is similarly barred by the three year statute of repose under 15 U.S.C. § 1635(f). In addition, the right to rescind was terminated upon the sale of the properties.

Defendant also moves to dismiss on the ground that plaintiff's state law claims are preempted under the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq. At the time the loans were originated, defendant was a federal savings bank and thus subject to regulation by the Office of Thrift Supervision ("OTS"). The OTS, under the authority of HOLA, has promulgated regulations that occupy the entire field for regulation of federal savings associations. See Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008); see also Bank of

---

[3] Plaintiff has objected to defendant's request for judicial notice on the basis that the documents are not complete. The documents of which defendant requests the court take judicial notice comprise the adjustable rate mortgage notes for three of the properties, the equity line of credit agreement for the York Town property (Exh. 1, 3, 5, 7), copies of official records of the Sacramento County Recorder's Office (Exh. 2, 4, 6, 8, 13-16), and documents reflecting official acts of the executive departments of the United States (Exh. 9-12). The two latter sets of documents are properly subject to judicial notice. Plaintiff does not contest the authenticity of the adjustable rate mortgage notes or the equity line of credit agreement, has not provided the allegedly incomplete portions of these documents, and does not assert that additional terms are contained in the allegedly missing portions. In making the findings and recommendations below, the court has considered Exh. 1, 3, 5 and 7 only to the extent that these documents are referenced in the complaint.

America v. City and County of San Francisco, 309 F.3d 551, 560-61 (9th Cir. 2002).[4] Plaintiff's state law claims for violation of the UCL, breach of contract and breach of the implied covenant of good faith and fair dealing are expressly preempted by the regulations because all of the claims challenge disclosures, marketing and advertising practices, processing, origination, and terms of credit. See 12 C.F.R. § 560.2(a) & (b)(4), (9), (10).[5] In his opposition and proposed amended complaint, plaintiff advances no theory which overcomes preemption and these causes of action should therefore be dismissed.[6]

Plaintiff's fraud claim alleges that a Wells Fargo agent falsely represented to plaintiff in April 2010 that a trustee's sale had been postponed on the Diamond Rock property. Plaintiff fails to plead in this cause of action the necessary elements for fraud: intent to defraud,

---

[4] Even though the lending federal savings bank was subsequently converted into a national bank, the preemption analysis is still applicable. See DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp. 2d 1119, 1126 (N.D. Cal. 2010).

[5] The types of state laws expressly preempted include:
> "The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; ...
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants; ...
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."

12 C.F.R. § 560.2(b)(4), (9), (10).

[6] Defendant makes additional arguments that the UCL claims are barred by the four year statute of limitations with respect to the first three loans and that plaintiff fails to sufficiently plead a fraudulent or unfair act or practice, as is required for a UCL claim. Defendant also argues that plaintiff's breach of contract claim cannot lie because plaintiff has not pled an enforceable contract and the alleged oral modifications are prohibited by the statute of frauds, Cal. Civil Code § 1698. Defendant also contends that the claim for breach of the covenant of good faith and fair dealing is improperly predicated on alleged misrepresentations made prior to origination of the loans. Although these arguments are well taken, because plaintiff's claims are specific to defendant's lending activities, they are preempted under HOLA and the court does not reach these additional arguments.

1 justifiable reliance, and damages (i.e. the ability to pay off the loan so the property would not be
2 foreclosed).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (elements for
3 alleging a cause of action for fraud under California law).  Plaintiff makes no argument in
4 opposition to the motion to dismiss this claim and has dropped it in the proposed amended
5 complaint.  It appears plaintiff concedes this claim is meritless and it should be dismissed.

6       Plaintiff's claims are either barred by the statute of limitations or preempted under
7 HOLA.  Plaintiff's proposed amended complaint does not cure the deficiencies evident in the
8 first amended complaint.  It appears further amendment of the complaint would be futile.  The
9 motion to dismiss should be granted.

10       Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial
11 notice (dkt. no. 55) is granted; and

12       IT IS HEREBY RECOMMENDED that:

13       1. Defendant's motion to dismiss (dkt. no. 54) be granted; and

14       2. This action be closed.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served and filed within fourteen days after service of the objections.  The parties are
21 \\\\\
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2012

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
johnson-wachovia2839.57