IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT JOHNSON, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK N.A.,<br><br>          Defendant.* | 2:10-cv-02839-GEB-CKD<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR ATTORNEY'S FEES |

Defendant seeks $7,304 in attorney's fees and costs as the prevailing party in this action. Plaintiff opposes the motion.

Defendant's motion does not adequately comply with Local Rule 293(b), which prescribes in relevant part: "All motions for awards of attorneys' fees pursuant to statute shall, at a minimum, include an affidavit showing . . . the information pertaining to each of the criteria set forth in [Local Rule 293](c)." E.D. Cal. L.R. 293(b). Local Rule 293(c) prescribes:

> In fixing an award of attorneys' fees in those actions in which such an award is appropriate, the Court will consider the following criteria:
>
>     (1) the time and labor required of the attorney(s);

---

\*   The caption has been amended in accordance with the dismissal of Defendant's Wachovia Bank FSB, Wachovia Mortgage Corp., Wells Fargo Central Bank ETS Services, LLC, Regional Trustee Services Corp., and ND Ex West, LLC. (ECF No. 46.)

1

|    |    |
|----|----|
| 1  | (2) the novelty and difficulty of the questions presented; |
| 2  | (3) the skill required to perform the legal service properly; |
| 3  | (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action; |
| 4  |    |
| 5  | (5) the customary fee charged in matters of the type involved; |
| 6  | (6) whether the fee contracted between the attorney and the client is fixed or contingent; |
| 7  | (7) any time limitations imposed by the client or the circumstances; |
| 8  | (8) the amount of money, or the value of the rights involved, and the results obtained; |
| 9  | (9) the experience, reputation, and ability of the attorney(s); |
| 10 | (10) the "undesirability" of the action; (11) the nature and length of the professional relationship between the attorney and the client; |
| 11 | (12) awards in similar actions; and |
| 12 | (13) such other matters as the Court may deem appropriate under the circumstances. |

Id. 293(c).

Failure to comply with the local rule governing the filing of motions for attorney's fees is a reason for denial of the motion. E.g., McIntosh v. N. Cal. Universal Enters., Inc., No. CV F 07-1080 LJO GSA, 2010 WL 3369848, at *7 (denying attorney's fees motion when "moving declaration addresse[d] only the time spent by [the] attorneys, not the other criteria [in] Local Rule 293" and "supplemental reply declaration . . . offer[ed] brief, insubstantial comments to address the [Rule 293] criteria"); see also Johansson v. Wachovia Mortg., FSB, No. C 11-02822 WHA, 2012 WL 2793204, at *1–2 (N.D. Cal. July 9, 2012) ("Defendant failed to comply with the local rules governing the filing of a motion for attorney's fees. Thus, the motion is DENIED."). Defendant attaches its attorney Leigh O. Curran's declaration to its motion for attorney's fees, but the declaration fails to address the criteria in Local Rule 293(c) other than "the time and labor required of the attorney(s)," "the novelty and difficulty of the questions presented," "the skill required

2

1  to perform the legal service properly," and "the experience, reputation,
2  and ability of the attorney(s)." (Decl. of Leigh O. Curran ¶¶ 3-9, ECF
3  No. 77-1.)
4      For the stated reasons, Defendant's motion for attorney's fees
5  is denied.
6  Dated:  September 10, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge